[No. 1081.   Decided December 26, 1893.]
GEORGE H. BOWEN, *Respondent*, v. JAMES CAIN *et al.*,
*Appellants*.

STATEMENT OF FACTS — NOTICE OF SETTLEMENT — SERVICE BY MAIL.

Service of notice of the settlement of a statement of facts by
mail is not sufficient where both parties reside in the same place,
city or town.

*Appeal from Superior Court, Whatcom County.*

*Fairchild & Rawson*, for appellants.
*J. P. DeMattos*, and *Bruce & Brown*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—Respondent moves to dismiss the appeal and to affirm the judgment in this case, for the reason that no notice of the statement of facts was given within the thirty days required by the statute after the rendition of the judgment appealed from.   The judgment was rendered on the 19th day of November, 1892.   The affidavit of respondent's attorney sets up the fact that the notice of the settlement of the statement was received by him on the 21st day of December, 1892, from the postoffice at Whatcom, where he resided, and that the envelope containing the notice showed that the same had been mailed on the 20th day of December, 1892; while the appellant's attorney makes affidavit that the notice was mailed by him before six o'clock P. M., on the 19th day of December, 1892.

Conceding for the purpose of this decision that the notice was mailed on the 19th as claimed by appellant, yet we think this motion will have to be sustained, for the reason that there is no provision of law for serving notices by

mail, where parties, appellant and respondent, both live in the same town. The General Statutes provide that the service of notices of appeal shall be governed by laws governing the service of notice in the superior court. Sec. 20, p. 414 of the Laws of 1893, provides that service by mail may be made when the person making the service and the person on whom it is to be made reside in different places, between which is a regular communication by mail. There is no other provision for service by mail. In this case it is conceded that the parties live in the same place or town. Rule xxvi of this court also provides that service may be made by mail when the parties making the service and the parties on whom such service is to be made reside in different places; and the service by mail is restricted to that condition.

In this case the party was not without a remedy; if the matters alleged in his affidavit are true he could have served the notice within the time by leaving it at respondent's place of abode with some one competent to receive it.

No service having been made as required by law, the statement of facts must be stricken, and, it being an equity case, the cause will be dismissed and the judgment affirmed.

STILES, HOYT, SCOTT and ANDERS, JJ., concur.